UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDE KHOTHER,

        Plaintiff,

Case No. 10-14243

Honorable John Corbett O'Meara

v.

WEST BLOOMFIELD POLICE OFFICER
JASON DeEULIS, *et. al.*,

        Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter came before the court on Defendants' October 24, 2011 motion for summary judgment. Plaintiff Ande Khother filed a response November 14, 2011; and Defendants filed a reply November 29, 2011. Oral argument was heard December 15, 2011, and continued to February 2, 2012.

## BACKGROUND FACTS

Plaintiff Ande Khother was arrested on suspicion of drunk driving at approximately 12:50 a.m., on November 24, 2007. In his complaint he claims that the arresting officers called him a "fucking Arab" and "slammed" his head into a desk while he was at the police station. EMS transported Plaintiff to the hospital, where a cut above his left eye was treated. Plaintiff's two-count complaint alleges violations of 42 U.S.C. § 1983 against West Bloomfield Township police officer Jason DeEulis and Lt. Curt Lawson in Count I for excessive use of force and malicious prosecution and against West Bloomfield Township in Count II for failure to train its officers and failure to investigate the incident.

## LAW AND ANALYSIS

As stated by the court on the record during both hearings on the matter, the motion will be granted as to defendant West Bloomfield Township.

> Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the injury suffered was a direct result of the City's official policy or custom. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694-95 (1978) . . . . The inadequacy of police training serves only as a basis for § 1983 liability 'where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.' Harris, 489 U.S. at 388.
>
> To establish deliberate indifference, the plaintiff 'must show prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.' St. John v. Hickey, 411 F.3d 762, 776 (6th Cir. 2005)....

Slusher v. Carson, 540 F.3d 449 (6th Cir. 2008). In this case plaintiff Khother has failed to make the requisite showing to establish municipal liability against defendant West Bloomfield Township.

As for the causes of action against the individual officers, the court will deny Defendants' motion for summary judgment. There are genuine issues of material fact regarding Plaintiff's alleged injury and its causation, and the parties agree that whatever caused Plaintiff's alleged injury is not visible on the station house video.

The court will also deny Defendants' motion for summary judgment on the malicious prosecution claim. Plaintiff was charged with a felony for "assaulting" one of the officers by spitting on him. However, at his deposition, the officer conceded that the spitting was inadvertent; and the assault charge was later dropped by the prosecutor's office. Genuine issues of material fact remain.

Finally, the defendant officers are not entitled to qualified immunity. In analyzing the issue of qualified immunity on summary judgment, the court should determine two things: 1) whether the

plaintiff has shown facts sufficient to establish a violation of a constitutional right, and 2) whether the constitutional right was "clearly established" at the time of the alleged misconduct. Pearson v. Callahan, 129 S.Ct. 808, 815-16 (2009). Taking the facts in the light most favorable to the plaintiff, both of those elements have been met in this case, as it is "objectively unreasonable" for officers to gratuitously injure an arrestee while in custody as alleged by plaintiff Khother.

## ORDER

It is hereby **ORDERED** that Defendants' motion for summary judgment is **GRANTED** to defendant West Bloomfield Township and **DENIED** to the individual defendant officers.

s/John Corbett O'Meara
United States District Judge

Date: June 22, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 22, 2012, using the ECF system.

s/William Barkholz
Case Manager